CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 18 2006
JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **WESLEY RAY DANYSH,** | ) |
|     **Plaintiff,** | )    Civil Action No. 7:06-cv-00596 |
| | ) |
| v. | )    **MEMORANDUM OPINION** |
| | ) |
| **S.W.V.R.J. PROGRAMS TECH, et al.,** | )    By: Samuel G. Wilson |
|     **Defendants.** | )    United States District Judge |

Plaintiff Wesley Ray Danysh, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Danysh alleges that the defendants violated his constitutional rights by denying his request for additional hygiene products.[1] Upon review of the record, the court finds that Danysh has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

I.

Danysh, an indigent inmate, claims that he is entitled to the "indigent hygiene package." While Danysh concedes that he has been given such package, he feels that it does not contain enough products and claims that he has been denied a "proper amount[]" of hygiene products. He alleges that when he asked the prison officials for more products, they refused his request, informing him that he is not entitled to any more than he had already been given.

---

[1] While Danysh names Southwest Virginia Regional Jail Authority Programs Tech., Patricia Green, and Lieutenant Gilda Rose as defendants to his action, he fails to state how these defendants violated his constitutional rights. Nonetheless, even if Danysh was afforded an opportunity to amend his complaint to particularize his allegations against the named defendants, his claims would still fail for the reasons stated herein.

[2] A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief.

**II.**

In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While Danysh alleges that he was denied "proper amounts of hygiene products," he concedes that he is regularly provided with hygiene supplies. Further, he does not allege that he has suffered any actual harm because he was not given extra hygiene products nor that lack of these supplemental supplies may cause him future injury. Accordingly, the court finds that Danysh's allegations of insufficient amounts of hygiene products fail to state a claim under the Eighth Amendment.

**III.**

For the stated reasons, Danysh's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendant, if known.

ENTER: This ___ day of October, 2006.

_____
United States District Judge